FILED
IN CLERKS OFFICE
2026 SEP -4 A 10:27
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ROBERT P. WEINBERG,**<br>**Plaintiff,**<br>**v.**<br>**MAURA HEALEY, et al.,**<br>**Defendants.** | **Civil Action No. 1:26-cv-13362-WGY**<br><br>**(Hon. William G. Young, U.S.D.J.)** |

**PLAINTIFF'S MOTION SEEKING SANCTIONS AGAINST DEFENDANTS FOR THEIR REPEATED SUBSTANTIVE MISREPRESENTATIONS TO THE COURT**

Plaintiff Robert P. Weinberg, appearing pro se, respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 11, the Court's inherent judicial authority, and the Local Rules of this District, to impose sanctions against the Massachusetts Institute of Technology ("MIT") Defendants, Defendant Lisa Wolfe, Defendant Stanley Spero, and their respective legal counsel. As set forth in detail below and in the accompanying Affidavit of Robert P. Weinberg, Defendants have repeatedly and systematically engaged in bad-faith, material misrepresentations of fact on the electronic docket of this Court, converting a benign, administrative clerical intake error by the Court Clerk into a false, highly prejudicial narrative of "abusive, serial filing."

## I. INTRODUCTION AND PRELIMINARY STATEMENT

This motion arises from a concerted, highly calculated campaign by Defendants and their counsel to deliberately mislead this Court and manipulate the electronic record. On August 4, 2026, Plaintiff timely filed his First Amended Complaint ("FAC") as of right under Fed. R. Civ. P. 15(a)(1)(B). Plaintiff physically hand-delivered a single, unified paper document captioned

"Plaintiff's First-Amended Complaint" to the Clerk's Office. To assist in his planned Motion to Sever and Remand, Plaintiff formatted the internal sections into "Amended Complaint I" (focusing on state-law claims) and "Amended Complaint II" (focusing on federal claims).

Rather than docketing this single document as a unified entry, the Clerk's Office, in its ordinary course of electronic scanning and intake, separated the filing into two electronic docket numbers: ECF No. 21 and ECF No. 22. Immediately upon identifying this clerical separation, Plaintiff took exhaustive and transparent measures to clarify the record, filing a formal Notice of Clerical Error (ECF No. 28) on August 13, 2026, and a Motion for Administrative Docket Correction (ECF No. 34/42) on August 18, 2026, asking the Court to formally declare ECF Nos. 21 and 22 a single, unified pleading.

Despite having full, explicit knowledge that Plaintiff's operative FAC was physically filed as a single document, and that the split was a ministerial act of the Clerk's Office, Defendants and their highly paid counsel have bad-faith weaponized this clerical split across eighteen (18) distinct filings on the record. They have falsely asserted that Plaintiff filed "three separate, unauthorized, successive complaints," using this fabrication to avoid mandatory Local Rule 7.1 meet-and-confer conferences, request highly restrictive pre-filing leave injunctions, multiply proceedings, and falsely portray Plaintiff as a vexatious, bad-faith litigant. Such willful and coordinated misrepresentations to a federal court by officers of the bar constitute an abuse of the judicial system that demands immediate, meaningful sanctions.

## II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL MATRIX

The facts governing this dispute are direct, document-backed, and entirely uncontroverted. The timeline below illustrates the precise procedural sequence and demonstrates how Plaintiff's transparent, corrective efforts were met by a coordinated series of bad-faith filings by the defense:

| ECF No. / Date | Filing & Party | Actual Procedural Purpose | Defendants' Exploit & Misrepresentation |
|---|---|---|---|
| ECF Nos. 21 & 22<br>08/04/2026 | First Amended Complaint (Plaintiff) | Two electronic files representing a single, unified physical pleading hand-delivered as of right under Rule 15(a)(1)(B) to respond to MIT's Motion to Dismiss (ECF No. 10). | Defendants (ECF 58/59, 60/61, 52, 67, 74) characterize these entries as "two separate, successive, and unauthorized complaints" to argue a pattern of serial filings. |
| ECF No. 25<br>08/10/2026 | Consolidated FAC Copy (Plaintiff) | A unified single-file filing intended to assist the Court and counsel by administratively curing the Clerk's docket split. Voluntarily withdrawn on 08/19 via ECF No. 44 to prevent any procedural confusion. | Exploited by MIT (ECF 60/61) and joined by Wolfe (ECF 67) and Spero (ECF 70) as a "third successive complaint" to argue "abusive and cumulative" filings. |
| ECF No. 28<br>08/13/2026 | Notice of Clerical Error (Plaintiff) | Explicit formal notice explaining the Clerk's scanning split and confirming that ECF 21 & 22 constitute a single unified FAC. | Willfully ignored by all Defendants who proceeded to file major motions and oppositions based on the split they knew to be a clerical error. |
| ECF No. 34 / 42<br>08/18/2026 | Motion to Fix Docket (Plaintiff) | Motion for administrative docket correction to reunify ECF 21 & 22 as a single continuous pleading. | Defendants refused to assent and instead used the motion as a springboard to claim Plaintiff is confusing the docket. |
| ECF No. 44<br>08/19/2026 | Notice of Withdrawal (Plaintiff) | Voluntary withdrawal of the consolidated ECF No. 25 to ensure the sole operative complaint on the record is the unified ECF 21/22. | Ignored. MIT's later leave motion (ECF 60) filed on August 27 continued to claim ECF 25 was an active, abusive successive pleading. |
| ECF No. 52<br>08/20/2026 | Opposition to Compel (Def. Wolfe) | Response opposing Plaintiff's Motion to Compel Local Rule 7.1 Consultation. | Claims 'docket confusion' and the filing of 'multiple' complaints excuses her counsel's refusal to meet and confer. |

| ECF No. / Date | Filing & Party | Actual Procedural Purpose | Defendants' Exploit & Misrepresentation |
|---|---|---|---|
| ECF No. 54 & 55 08/24/2026 | Motion to Strike Doc 53 (Def. Wolfe) | Seeks to strike Plaintiff's standard of care memorandum (Doc 53). | Falsely accuses Plaintiff of "flouting Rule 41(a)(1)(B)" and filing fragmented, abusive docket items. |
| ECF No. 58 & 59 08/21/2026 | Motion to Strike FAC (MIT Defendants) | Seeks to strike ECF 21 & 22 or, alternatively, to dismiss the case. | Directly exploits the Clerk's split to assert that ECF 21 & 22 are unauthorized successive complaints filed without leave. |
| ECF No. 60 & 61 08/27/2026 | Motion for Pre-Filing Injunction (MIT Defendants) | Seeks to strip Plaintiff's filing rights, stay all deadlines, and stay discovery. | Falsely represents that Plaintiff filed "three separate amended complaints, each without leave of Court (ECF Nos. 21, 22, 25)." |
| ECF Nos. 67 & 70 08/27/2026 | Joinder & Response (Wolfe & Spero) | Active joinder supporting MIT's leave motion (ECF No. 60). | Wolfe and Spero repeat MIT's false representations, asserting that Plaintiff has engaged in a pattern of "serial, abusive" filings. |
| ECF Nos. 68 & 71 09/01/2026 | Opposition & Joinder (Wolfe & MIT) | Response opposing Plaintiff's motion to consolidate briefing schedules. | Refuses to consolidate or streamline the docket, while simultaneously alleging that Plaintiff's filings are cluttering the record. |
| ECF No. 72 Late August 2026 | Opposition to PI (MIT Defendants) | Response opposing Plaintiff's motion to restore computer network access. | Claims Plaintiff defaulted on their July 28 Motion to Dismiss by "not filing an opposition," ignoring that the FAC (ECF 21/22) mooted ECF 10. |
| ECF No. 74 Late August 2026 | Opposition to Remand (Def. Wolfe) | Response opposing Plaintiff's Motion to Sever and Remand. | Argues against remand on the false premise that there is no validly filed amended complaint, only unauthorized fragmented filings. |

## III. THE SANCTIONABLE MISREPRESENTATIONS AND THE DEFENDANTS' BAD-FAITH CO-ORDINATED EXPLOITATION

The procedural record is clear. A clerical split occurred on August 4, 2026, when the Clerk split Plaintiff's single physical FAC into ECF Nos. 21 and 22. Despite immediate, unambiguous, written notice of this clerical error in Plaintiff's Notice (ECF No. 28) and formal Motion for

Correction (ECF No. 34/42), Defendants have engaged in a coordinated effort to perpetuate and weaponize this error. Their conduct involves three distinct, highly sanctionable misrepresentations to the Court:

- **First Misrepresentation: Fabricating a History of "Serial, Unauthorized successive Complaints."** In ECF Nos. 58, 59, 60, and 61, the MIT Defendants repeatedly assert that Plaintiff has filed "three separate successive amended complaints (ECF Nos. 21, 22, 25) without leave of court" in violation of Rule 15. This is a flat-out falsehood. ECF Nos. 21 and 22 were a single physical pleading hand-delivered at once as of right. ECF No. 25 was a consolidated reference copy filed to cure the split and was immediately withdrawn (ECF No. 44) once Defendants attempted to characterize it as an unauthorized successive amendment. Defendants Spero (ECF No. 70) and Wolfe (ECF No. 67) actively joined in and repeated this falsehood, representing it to the Court as an undisputed fact to obtain a highly restrictive pre-filing leave injunction.
- **Second Misrepresentation: Claiming "Docket Confusion" to Excuse Violations of Local Rule 7.1.** Defendants Wolfe (ECF No. 52) and Spero (ECF No. 69) have both filed formal papers claiming they were excused from conducting mandatory Local Rule 7.1 consultations on Plaintiff's pending motions due to "docket confusion" caused by Plaintiff's multiple complaints. This is a bad-faith excuse. There is no docket confusion. Defendants were fully served with ECF No. 28 and ECF No. 34, which explained the clerical split. They simply chose to use the Clerk's intake error as a convenient pretext to flout their mandatory professional obligation to meet and confer with a pro se litigant.
- **Third Misrepresentation: Falsely Claiming Plaintiff Defaulted on the Motion to Dismiss.** In ECF No. 72, the MIT Defendants argue that because Plaintiff did not file a

formal "opposition" to their primary Motion to Dismiss (ECF No. 10), he defaulted. This is a gross misrepresentation of federal civil procedure. As a matter of law, the filing of Plaintiff's FAC as of right on August 4 (ECF Nos. 21/22) automatically mooted the MIT Defendants' primary Motion to Dismiss. There was no motion left to "oppose," and asserting a default in the face of an active, timely filed amended complaint is a deliberate attempt to mislead the Court.

## IV. LEGAL ARGUMENT AND STANDARDS

### A. Sanctions Are Warranted Under Rule 11 Because Defendants Have Made Knowing, Material Misrepresentations to the Court

Federal Rule of Civil Procedure 11(b) provides that by presenting a pleading, written motion, or other paper to the court, an attorney certifies that to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). Sanctions are appropriate under Rule 11 when a party or counsel asserts factual claims that they know lack any evidentiary support or are flatly contradicted by the record. In this case, Defendants' counsel—who are officers of the court—have repeatedly represented to this Court that Plaintiff filed three unauthorized, serial, successive complaints. This is not a matter of a reasonable difference in legal interpretation; it is a flat-out misrepresentation of physical fact. Defendants' highly paid counsel had the single physical document in their possession, received ECF No. 28 and ECF No. 34 immediately, and knew that the split was a clerical scanning act. Presenting this clerical mistake to the Court as an "abusive litigation tactic" by Plaintiff represents a direct and sanctionable violation of Rule 11.

## B. Coordinated Exploitation of a Known Clerical Intake Error Multiplies Proceedings Vexatiously and Warrants Sanctions Under the Court's Inherent Power

It is well-established that federal courts possess the inherent authority to sanction bad-faith litigation conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991). This inherent power is designed to control administration, deter abuse of the judicial process, and protect the integrity of the court. Sanctions under the Court's inherent power are warranted when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45-46. Here, the Defendants' highly paid counsel have coordinated a bad-faith strategy to multiply these proceedings. Instead of answering or addressing the merits of the FAC, they have filed a barrage of redundant filings: MIT's Motion to Strike (ECF No. 58), MIT's Motion for Pre-Filing Injunction (ECF No. 60), Lisa Wolfe's Motion to Strike (ECF No. 54), Wolfe's Joinder (ECF No. 67), Spero's Response (ECF No. 70), Wolfe's Opposition to Consolidated Briefing (ECF No. 68), and MIT's Joinder in opposition (ECF No. 71). Every single one of these filings is structurally dependent on the same false representation—that Plaintiff's clerical split on the docket represents an unauthorized, abusive series of successive pleadings. Utilizing a Clerk's ministerial intake error to manufacture an artificial record of vexatiousness against a pro se litigant is a classic demonstration of bad faith that warrants the exercise of this Court's inherent sanctioning authority.

## C. Defendants' Conduct Prejudices a Pro Se Litigant and Wastes Judicial Resources

The prejudicial impact of the Defendants' conduct cannot be overstated. As a pro se litigant, Plaintiff lacks the massive administrative and financial resources of the institutional defendants and their white-shoe corporate law firms. By filling the docket with a coordinated web of false

motions, joinders, and oppositions, Defendants have forced Plaintiff to spend countless hours drafting motions to compel, notices, oppositions, and affidavits simply to defend himself against fabricated procedural accusations. This is a deliberate war of attrition designed to exhaust a pro se litigant and prevent him from reaching the substantive merits of his constitutional and civil rights claims. Furthermore, this conduct has severely congested this Court's docket, requiring the Court to parse multiple artificial, duplicative motions to strike, motions for pre-filing leave, and oppositions, all of which would be completely moot had Defendants simply acknowledged the clerical nature of the docket split and proceeded to litigate in good faith. This severe waste of public judicial resources is highly prejudicial and must be deterred.

## V. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiff Robert P. Weinberg respectfully requests that this Honorable Court enter an Order:

- 1. Finding that the MIT Defendants, Defendant Lisa Wolfe, Defendant Stanley Spero, and their respective legal counsel have engaged in bad-faith, material misrepresentations of fact to the Court on the electronic record in violation of Rule 11 and the Court's inherent authority;
- 2. Denying with prejudice the MIT Defendants' Motion for Order Requiring Plaintiff to Obtain Leave Before Making Further Filings (ECF No. 60), the MIT Defendants' Motion to Strike Plaintiff's Amended Complaints (ECF No. 58), and Defendant Lisa Wolfe's Motion to Strike Document 53 (ECF No. 54);
- 3. Granting Plaintiff's Motion for Administrative Docket Correction (ECF No. 34/42) and declaring that electronic entries ECF No. 21 and ECF No. 22 collectively comprise a

single, unified, and timely filed First Amended Complaint filed as of right under Rule 15(a)(1)(B);

- 4. Ordering Defendants' counsel to pay a reasonable monetary sanction to the Court and/or Plaintiff to compensate for the significant delay, vexatious multiplication of files, and expense caused by their bad-faith conduct; and
- 5. Granting such other and further relief as this Court deems just, proper, and necessary to restore the integrity of these proceedings.

Dated: September 3, 2026

Respectfully submitted,

**ROBERT P. WEINBERG**
**Plaintiff, Pro Se**
**9 N. River Road #430**
**Auburn, ME 04210**
**Tel: (781) 661-8207**
**Email: LawDocBob@gmail.com**

## CERTIFICATE OF SERVICE

I, Robert P. Weinberg, hereby certify that on this 3rd day of September, 2026, I served a true and accurate copy of the foregoing Plaintiff's Motion Seeking Sanctions, together with the supporting Affidavit of Robert P. Weinberg, upon all registered counsel of record via Emails.

Robert P. Weinberg