UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT WEINBERG,<br><br>Plaintiff,<br><br>v.<br><br>MAURA HEALEY et al.,<br><br>Defendants. | Civil No. 26-14531-LTS |

MEMORANDUM AND ORDER ON VARIOUS MOTIONS

October 9, 2026

SOROKIN, J.

This case began in the form of an amended complaint filed by Robert Weinberg in Weinberg v. Mangal et al., No. 26-cv-13362-WGY, a case which had been removed from state court and assigned to another Session of this Court. After Weinberg filed his amended complaint in that case, Judge Young severed the claims in the amended complaint from the action, directed the opening of a new civil action based on the amended complaint, transferred certain docket entries to this new action, and recused himself from these claims. The resulting action was randomly assigned to the undersigned and is the matter now before this Court (and the subject of this Order). Doc. No. 33.[1] The Court treats Weinberg's First Amended Complaint, Doc. No. 13, as the operative complaint in this action. Numerous motions are pending. The Court addresses each in turn.

[1] Citations to "Doc. No. __" reference items filed on the electronic docket ("ECF") in the action that is the subject of this Order, Weinberg v. Healey et al., No. 26-cv-14531-LTS. Pincites are to the page numbers in the ECF header or, where applicable, to the paragraph numbering within the document.

Weinberg first asks the Court to sever certain claims asserted against various Massachusetts state defendants and remand them to the Massachusetts state court for lack of subject-matter jurisdiction. Doc. No. 10. The Commonwealth of Massachusetts "assents" to Weinberg's motion "insofar as it requests that the claims against the Massachusetts State Defendants be severed and remanded to Middlesex Superior Court." Doc. No. 14 at 1. As that is the only relief sought in Weinberg's motion to sever and remand, Doc. No. 10, that motion is ALLOWED. All claims against the Massachusetts state defendants—Maura Healey, Booker Bush, Martin Crane, Alice Oliff, Richard Waring, Andrea Campbell, Thomas Reilly, Julie Frohlich, Hon. Kimberly Budd, Hon. Margaret Walsh, Hon. Sarah Luick, Hon. Natalie Monroe, Hon. Peter Killborn, Hon. Christopher Connolly, and Hon. Heidi Brieger[2]—are SEVERED and REMANDED to the Superior Court of the Commonwealth of Massachusetts for Middlesex County.

Weinberg does not seek to sever his claims against Lisa Wolfe; thus, the claims against Wolfe are not severed. Wolfe's motion for an extension of time, Doc. No. 15, is ALLOWED.

Weinberg has filed two similar motions to compel the defendants to comply with Local Rule 7.1(a)(2), Doc. Nos. 18, 21. Those motions are DENIED WITHOUT PREJUDICE. If appropriate, the Court will address conferral at the Rule 16 Conference or at a motion hearing. Additionally, in one of these motions, Doc. No. 18, Weinberg describes Maryann Cappuccio as a plaintiff. She is not a plaintiff in this action. She is neither listed in the caption of this action,

---

[2] Weinberg and the Commonwealth plainly intended to sever and remand all state defendants. In Weinberg's motion, Doc. No. 10, Weinberg did not list Defendants Hon. Christopher Connolly and Hon. Heidi Brieger as state defendants. Given that both defendants have similar positions as the state defendants Weinberg did name, the Court views this omission as inadvertent and remands the claims against them as well. Insofar as Weinberg has not served some or all of the state defendants, that is a matter to be addressed before the state court.

see Doc. No. 13 at 1, nor described as a party in the body of the First Amended Complaint, see id. ¶¶ 10-40. Moreover, Weinberg, as a pro se litigant who does not allege he is an attorney, cannot represent another person nor file pleadings, motions or other papers on behalf of another person. L.R. 83.5.5.

Weinberg's motion for an administrative docket correction, Doc. No. 20, is DENIED WITHOUT PREJUDICE. In this motion, Weinberg asks the Court to treat Docket Numbers 21 and 22 as a single unified complaint. However, those two docket entries do not constitute a complaint, nor are they the documents described by Weinberg in this motion.

Weinberg's motion for a consolidated briefing schedule, Doc. No. 23, is DENIED AS MOOT in light of the severing and remanding of the Massachusetts state defendants.

Wolfe's motion to strike docket number 53, Doc. No. 26, is DENIED AS MOOT as there is no such filing in this civil action.

Weinberg's motion for the voluntary dismissal with prejudice of his claims against Lourdes Colon, Doc. No. 28, is ALLOWED. All claims against Colon are DISIMISSED WITH PREJUDICE.

Weinberg's motion for sanctions, Doc. No. 32, is DENIED. The limited proceedings in this civil action as reflected on this docket provide no basis for sanctions.

The First Amended Complaint also names the following parties as defendants: Nagina Mangal; Ann Graybiel; Sally Kornbluth; the Massachusetts Institute of Technology ("MIT"); the MIT Campus Police Department; Craig Martin; Killian Casey; Panache Flint; Michael Allen, Vincent DiCianni; Ferriter, Scobbo and Rolophele, P.C.; Claudia Hunter; Robert Stolzberg; Paula Lazar; Amy Banks; Sten Lofgren; James Beck; the Simons Foundation Autism Research Initiative; the CHDI Foundation; and the Human Resources Institute. Doc. No. 13 ¶¶ 30-40.

There is no indication on this docket that any of these parties have been served. By October 23, 2026, Weinberg shall show cause why these defendants should not be dismissed. **In the absence of such a showing, the Court will dismiss without prejudice Weinberg's claims against each of these defendants.**

The foregoing rulings apply only to this civil action. As a result, pending dismissal of the defendants who have not yet been served, the only claims remaining in this case are Weinberg's claims against Stanley Spero; Spero and Jorgenson, P.C.; and Lisa Wolfe. Spero and Spero and Jorgensen have jointly moved to dismiss. Doc. No. 16. Wolfe has not yet responded to the First Amended Complaint. The Court hereby directs Wolfe to file her response to the First Amended Complaint, Doc. No. 13, by October 23, 2026. Weinberg's responses to both the pending Motion to Dismiss, Doc. No. 16, and any similar motion filed by Wolfe are due by November 6, 2026. The defendants' replies shall be limited to five pages and are due by November 13, 2026.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge