14531-LTS

U.S. District Court (D. Mass.) | Civil Action No. 1:26-cv-~~13362-WGY~~

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ROBERT WEINBERG,**<br>Plaintiff,<br>**v.**<br>**MAURA HEALEY, et al.,**<br>Defendants,<br>and<br>**MARYANN CAPPUCCIO,**<br>**Proposed Intervenor-Plaintiff.** | **Civil Action No. 1:26-cv-14531-LTS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**MOTION TO INTERVENE & MEMORANDUM OF LAW** |

## MARYANN CAPPUCCIO'S MOTION TO INTERVENE AS OF RIGHT OR, ALTERNATIVELY, BY PERMISSION, AND FOR LEAVE TO JOIN ADDITIONAL DEFENDANTS, WITH INCORPORATED MEMORANDUM OF LAW

## I. MOTION TO INTERVENE & LEAVE TO JOIN ADDITIONAL DEFENDANTS

Now comes Maryann Cappuccio ("Cappuccio"), individually appearing pro se, and respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 24(a)(2) for leave to intervene as of right as Intervenor-Plaintiff, or, in the alternative, pursuant to Rule 24(b)(1)(B) for permissive intervention. Cappuccio further moves under Rules 20(a)(2) and 21 for leave to join Additional Defendants Sally Kornbluth, Massachusetts Institute of Technology, Ann Graybiel, Nagina Mangal, MIT Campus Police Department, Craig Martin, Killian Casey, Panache Flint, Michael Allen, Dalton James Surmeier Jr., Tatiana Tkatch, Shenyu Zhai, and Defendant-in-Intervention Robert P. Weinberg. In support thereof, Cappuccio states as follows:

FILED IN CLERKS OFFICE 2026 OCT 15 P 12: 00 U.S. DISTRICT COURT DISTRICT OF MASS.

1. Cappuccio and Plaintiff Robert P. Weinberg are general partners of MicroBiogenix, a general partnership formed in 1990 to advance the partners' commercial

interests, which included performance of biomedical research, consulting, and commercialization.

2. During 2022 and 2023, Weinberg conducted research at MIT's Graybiel Laboratory, on cholinergic, dopaminergic, noradrenergic and serotonergic pathways in the limbic brain. Between June - August 2022, while collaborating with Emily Hueske (Graybiel lab member), Weinberg conceived of a receptor precision neurotherapeutic for Parkinson's disease and levodopa-induced dyskinesia. The conception of this invention preceded Weinberg's joining the Graybiel lab as a Visiting Graduate student in August 2022, at which time he signed an IPIA with MIT.

3. Subsequently Weinberg assigned all resulting research data, inventions, and patent rights with joint ownership to each of the General Partners of MicroBiogenix, when the fruits of his invention conception had come to fruition. Some aspects of this neurotherapeutic intervention comprise trade secrets, and have not been generally published.

4. Defendants MIT, Kornbluth, Graybiel, and Mangal systematically excluded Weinberg from his research data, limiting access to his research files, terminated his MIT Kerberos account (rweinber@mit.edu) to prevent cloud multi-factor authentication, and deployed MIT Police Officers under Captain Craig Martin to physically detain Weinberg in July 2024. In 2023 MIT police captain Martin Craig issued Weinberg a 'No Trespass' order to prevent Weinberg from accessing his computer, instrument files, server files and other important data essential for the IP ownership.

5. Defendants subsequently misappropriated this partnership property, publishing some of Weinberg's research data and findings in *Science Advances* (Dec. 2025) and filing U.S. Patent Application No. 19/451,120 (Pub. No. US 2026/0201390 A1) based on Weinberg's research.

6. In addition, Defendant-in-Intervention Weinberg withdrew over $85,000 from Cappuccio's capital contributions without repayment or accounting. These $85,000 were withdrawn over a 15-year period of time.

7. Cappuccio's interests in protecting her personal partnership property and securing accounting and repayment of her $85,000 contribution are directly adverse to Weinberg, rendering existing representation inadequate under Rule 24(a)(2).

## II. MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

### A. Introduction

This memorandum demonstrates that Cappuccio is entitled to intervene as of right under Fed. R. Civ. P. 24(a)(2) to protect her personal ownership interests in the MicroBiogenix partnership property and her individual equity interest therein. The research data at the heart of Weinberg's claims against MIT constitutes partnership property validly assigned to each of the MicroBiogenix General Partners with joint ownership. Because Weinberg asserts personal claims while owing the partnership over $275,000 (including $85,000 directly owed to Cappuccio), he cannot adequately represent Cappuccio's distinct partnership interests.

**B. Argument: Cappuccio Satisfies All Four Elements for Intervention as of Right under Rule 24(a)(2)**

The First Circuit applies a well-established four-part test for intervention as of right under Rule 24(a)(2): (1) the motion is timely; (2) the applicant claims a direct, significantly protectable interest in the property or transaction that is the subject of the action; (3) the disposition of the action threatens to impair or impede the applicant's ability to protect that interest; and (4) existing parties do not adequately represent that interest. See *Ungar v. Arafat*, 634 F.3d 46, 50 (1st Cir. 2011); *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998). Cappuccio satisfies every element.

**1. Cappuccio's Motion is Timely**

Timeliness is evaluated in light of the litigation stage and prejudice to existing parties. See *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009). Cappuccio first discovered the *Science Advances* publication *circa.* June 2026 and the published patent application in July 2026. She moved to intervene immediately thereafter. This action remains at the initial pleading stage before discovery or entry of a scheduling order, creating zero prejudice to existing parties.

**2. Cappuccio Claims a Direct, Protectable Property Interest in the Subject Matter**

Under Massachusetts Uniform Partnership Act (M.G.L. c. 108A, §§ 8, 24-26), a partner holds a direct property interest in partnership property and surplus. The assignment of IP rights was made with joint ownership among the General Partners. The Weinberg Research Data and resulting IP were generated for MicroBiogenix and expressly

assigned to each of the General Partners with joint ownership. Cappuccio's interest is a recognized property right directly involved in the central dispute. In addition, Weinberg assigned all IP rights to each partner individually as well as to the General Partnership. Weinberg has some legal training, having completed law school and passed the Bar exam in Maine, but was never admitted to any state Bar.

**3. Disposition of the Action Without Cappuccio Will Impair Her Ability to Protect Her Interest**

If this action proceeds to judgment or settlement between Weinberg and MIT without Cappuccio, any recovery or release executed by Weinberg could extinguish or severely compromise both MicroBiogenix's and Cappuccio's personal ownership claims over the patent and research data, permanently impeding Cappuccio's ability to recover her $85,000 contribution.

**4. Existing Parties Do Not Adequately Represent Cappuccio's Interests**

The burden to show inadequate representation is 'minimal'—the applicant need only show that representation 'may be' inadequate. See *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Weinberg's interests are directly adverse to Cappuccio's: Weinberg seeks personal damages while owing MicroBiogenix over $275,000 in unrepaid withdrawals, including $85,000 directly owed to Cappuccio. Weinberg cannot represent the partner seeking an accounting against him.

**C. Alternatively, Permissive Intervention is Warranted under Rule 24(b)(1)(B)**

Permissive intervention is proper because Cappuccio's claims share identical questions of law and fact with the main action regarding the MIT research done by Weinberg, the Visiting Student contract, the pre-student June - August 2022 collaboration, the July 2024 police seizure, Kerberos account lockout, and patent ownership. Granting intervention avoids duplicative litigation and promotes judicial economy.

**D. Joinder of Additional Defendants is Proper under Rules 20(a)(2) and 21**

Joinder of Defendants Kornbluth, MIT, Graybiel, Mangal, MIT Police Department, Martin, Casey, Flint, Allen, Surmeier Jr., Tkatch, Zhai, and Weinberg is proper under Rule 20(a)(2) because the claims against them arise out of the same series of transactions (the research lockout, Kerberos termination, police stop, and trade secret theft) and involve common legal questions.

**III. CONCLUSION & PRAYER FOR RELIEF**

For the foregoing reasons, Maryann Cappuccio respectfully requests that this Honorable Court: (1) GRANT her Motion to Intervene as of Right under Rule 24(a)(2) or permissively under Rule 24(b)(1)(B); (2) GRANT leave to join the Additional Defendants under Rules 20 and 21; (3) Order the Clerk to docket her Proposed Intervenor Complaint; and (4) Grant such other relief as is just and proper.

Maryann Cappuccio
MARYANN CAPPUCCIO

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, a copy of this motion was served upon all parties of record via CM/ECF and U.S. Mail.

Maryann Cappuccio